VAUGHN, Justice, dissenting:
*735 The Majority finds that the Public Defender's Office was ineffective in its representation of Urquhart under both United States v. Cronic[1] and Strickland v. Washington .[2] I disagree.
For claims of ineffective assistance of counsel under Cronic , prejudice need not be shown and is presumed in three specific situations.[3] First and "[m]ost obvious" is the "complete denial of counsel"-that is, where the accused is denied counsel at a "critical stage" of trial.[4] A "critical stage," according to the Supreme Court, is "a step of a criminal proceeding, such as arraignment, that [has] significant consequences for the accused."[5] Prejudice is also presumed "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing."[6] Finally, "in cases like Powell v. Alabama , where counsel is called upon to render assistance under circumstances where competent counsel very likely could not, the defendant need not show that the proceedings were affected."[7]
Urquhart relies upon the first situation-complete denial of counsel. I would find that he was not completely denied counsel at any critical stage of the proceeding. Urquhart was represented by the Public Defender's Office continuously from his preliminary hearing to the completion of his direct appeal. An attorney from that office appeared with Urquhart at every court proceeding, including his three-day trial in the Superior Court. According to assigned trial counsel's affidavit, trial counsel met with Urquhart on August 14, 2014. In September 2014, trial counsel sent Urquhart the State's initial discovery response. On January 21, 2015, trial counsel obtained supplemental discovery from the State and on January 28, 2015, shortly prior to trial, sent it to Urquhart. As it developed, the supplemental discovery apparently did not reach Urquhart at the prison before the February 3 trial date. On the morning of trial, trial counsel discussed the case with Urquhart. In his affidavit, trial counsel described his discussion of the case with Urquhart:
On the day of trial, client confirmed what he had told trial counsel at a previous discussion: client did not have any witnesses or alibi witnesses for his case. Prior to the start of Trial[,] counsel reviewed the evidence and determined what evidence was objectionable or unauthenticated, as well as what evidence was admissible. A review of the evidence was that there was no evidence placing my client in the getaway car. Client was correctly confident that no one would identify him as "E."
....
Trial counsel was aware of Nyla Miller as a potential witness. Trial counsel and client were also aware of the fact that no witness would identify him as the getaway *736 driver or an operator of the car, and that Nyla Miller was absent from the Court. Prior to starting the trial, trial counsel and client discussed the facts concerning Nyla Miller, and agreed not to call her as a witness. We concluded that there was no tactical advantage to calling a witness who could not provide an alibi, and who could provide detrimental and incriminating evidence. Trial counsel decided not to attempt to secure her appearance for the second day of trial.
....
Trial counsel was aware of the fact that there was a witness who identified a black jacket worn by the perpetrator. Trial counsel made a professional decision not to pursue this witness. Prior to trial, trial counsel discussed with client the fact that the "backhoe operator" could not and did not identify the perpetrator. Trial counsel, with client consent, wanted to focus on the fact that the client had a large and distinguishable tattoo that was not visible on the store's video tape. Trial counsel had the video stilled, enlarged and presented as evidence.[8]
Trial counsel developed a strategy for trial and also discussed the State's morning-of-trial plea offer with Urquhart.
Because Cronic requires a complete denial of counsel at a critical stage of the proceeding, it is "very narrow" in scope and the burden of showing that it applies is "very heavy."[9] I think the activities of the Public Defender's Office, including assigned trial counsel, set forth above, are sufficient to establish that Urquhart was not "completely denied" counsel at a critical stage of the proceeding. I would reject his Cronic claim and find that he is not entitled to a presumption of prejudice.
I would find that Urquhart's claim is governed by Strickland .[10] The United States Supreme Court has stated that the difference between Cronic and Strickland "is not of degree but of kind."[11] They do not overlap. It is one or the other, but not both. Here, counsel can be criticized for not requesting a continuance, for not being more aggressive in obtaining the photos and surveillance footage earlier, for not investigating the case more thoroughly, for not meeting with Urquhart before the day of trial as the trial date approached, and perhaps for other things, but these are all Strickland issues.
Under Strickland , "[i]t is not enough for the defendant to show that errors had some conceivable effect on the outcome of the proceeding."[12] The movant "must make specific allegations of actual prejudice and substantiate them";[13] these allegations *737 must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[14] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[15] "[I]t requires more than a showing of a theoretical possibility that the outcome was affected."[16] In sum, the defendant must prove actual prejudice.[17]
The problem is that Urquhart has not presented a Strickland claim in this appeal and has not claimed that trial counsel's conduct caused him any specific, actual prejudice. The Majority thinks that if trial counsel had done more pretrial preparation and discussed the case more fully with Urquhart before the morning of trial, there is a reasonable probability that the result would have been different; that is, Urquhart probably would have accepted the State's plea offer.
The record suggests otherwise. Urquhart's first case review was held on October 20, 2014. At that case review, no plea offer was made. His final case review was held on January 26, 2015, in the week preceding trial. At that time, the State made an offer with a fifteen-year minimum at Level V. Urquhart rejected that offer. On the morning of trial, the State made a revised plea offer of five years at Level V. Urquhart rejected that plea offer, stating to trial counsel, "I rather do 95 years then [sic] take a plea to 5, [i]t all the same to me."[18]
Urquhart's only opportunity to take the five-year plea offer was on the morning of trial. Whether Urquhart would have accepted the offer that morning if his trial counsel had done more preparation or spoken more with him before the day of trial is speculative. Urquhart has never even claimed that if trial counsel's representation had been different, he probably would have accepted the plea offer made to him the morning of trial. The idea that he would have accepted the plea offer if things had happened differently is not supported by the record. It is the kind of hypothetical, theoretical prejudice that the Strickland standard specifically rejects.[19]
I would affirm the judgment of the Superior Court.

466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

See Bell v. Cone , 535 U.S. 685, 695-96, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (listing the three situations that Cronic recognized as involving circumstances "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified" (quoting Cronic , 466 U.S. at 658-59, 104 S.Ct. 2039 ) ).

Cronic , 466 U.S. at 659, 104 S.Ct. 2039.

Bell , 535 U.S. at 696, 122 S.Ct. 1843.

Cronic , 466 U.S. at 659, 104 S.Ct. 2039.

Bell , 535 U.S. at 696, 122 S.Ct. 1843 (citing Powell , 287 U.S. 45, 53, 53 S.Ct. 55 (1932) ).

App. to Appellant's Opening Br. at A82-83.

United States v. Roy , 855 F.3d 1133, 1144, 1144-45 (11th Cir. 2017) (en banc ) (noting that "the Supreme Court has repeatedly refused to find [Cronic ] applicable" and "[o]nly once in the 30 years since the Cronic decision was issued has the Supreme Court applied Cronic to presume prejudice" (citing Penson v. Ohio , 488 U.S. 75, 88, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (applying the presumption of prejudice when the granting of an attorney's motion to withdraw had left the petitioner "entirely without the assistance of counsel on appeal") ) ), cert. denied , --- U.S. ----, 138 S.Ct. 1279, 200 L.Ed.2d 475 (2018).

466 U.S. 668, 104 S.Ct. 2052.

Bell , 535 U.S. at 697, 122 S.Ct. 1843.

466 U.S. at 693, 104 S.Ct. 2052.

Outten v. State , 720 A.2d 547, 552 (Del. 1998) (en banc ) (quoting Wright v. State , 671 A.2d 1353, 1356 (Del.) (en banc ), cert. denied , 517 U.S. 1249, 116 S.Ct. 2509, 135 L.Ed.2d 198 (1996) ).

Albury v. State , 551 A.2d 53, 58 (Del. 1988) (quoting Strickland , 466 U.S. at 694, 104 S.Ct. 2052 ).

Strickland , 466 U.S. at 694, 104 S.Ct. 2052.

Frey v. Fulcomer , 974 F.2d 348, 358 (3d Cir. 1992), cert. denied , 507 U.S. 954, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993) ; see also Strickland , 466 U.S. at 693, 104 S.Ct. 2052 ("Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense.").

Strickland , 466 U.S. at 693, 104 S.Ct. 2052 ("[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice.").

App. to Appellant's Opening Br. at A82.

See, e.g. , Frey , 974 F.2d at 351 ("[A]lthough it is theoretically possible that, if [the defendant] had proper assistance of counsel, the jury would have sentenced him to life imprisonment, that outcome was not 'reasonably probable.' ").