# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | I.D. No. 1206011513 |
| | : | In and for Kent County |
| v. | : | |
| | : | RK12-07-0025-01 DDEAL Tier 4 (F) |
| MICHAEL E. DEMBY, | : | RK12-07-0026-01 Consp 2nd (F) |
| | : | RK12-07-0028-01 Poss Drug Parap (F) |
| Defendant. | : | |

## ORDER

Submitted: October 1, 2019
Decided: October 16, 2019

On this 16th day of October 2019, upon consideration of Michael Demby's ("Mr. Demby's") Motion for Postconviction Relief, the Commissioner's Report and Recommendation, the State's response, and the record in this case, it appears that:

1. On October 9, 2013, a jury found Mr. Demby guilty of one count of Drug Dealing Tier 4, 16 *Del. C.* § 4752; one count of Conspiracy in the Second Degree, 11 *Del. C.* § 512; and one count of Possession of Drug Paraphernalia, 16 *Del. C.* § 4771.

2. Thereafter, on October 11, 2013, Mr. Demby filed a motion for judgment of acquittal. The Court denied the motion on November 25, 2013[1] and sentenced Mr. Demby to twenty-seven years incarceration suspended after serving fifteen years to be followed by decreasing levels of probation.

3. Mr. Demby then filed a timely notice of appeal with the Delaware Supreme Court. In the appeal, he raised the following claims: the admission of a wiretap recording violated his right to cross-examine the declarants; the wiretap recordings should not have been admitted; and the State's prosecution violated the Double Jeopardy Clause. The Delaware Supreme Court found no merit to those claims and affirmed his convictions and sentences on July 21, 2014.[2]

---

[1] *State v. Demby*, Del. Super., ID No. 1206011513, Vaughn, P.J. (Nov. 25, 2013) ORDER.
[2] *Demby v. State*, 97 A.3d 1037 (Del. 2014).

4. He next filed a motion for a new trial that focused on alleged errors committed by the Office of the Medical Examiner. This Court denied the motion and the State Supreme Court affirmed that denial.[3]

5. On March 14, 2016, Mr. Demby then filed a motion for postconviction relief pursuant to Superior Court Criminal Rule 61. Because his second appeal to the Delaware Supreme Court was still pending, that motion was deemed premature. Subsequently, on November 21, 2016, Mr. Demby filed an amended motion for postconviction relief and an accompanying motion for appointment of counsel. In his amended Rule 61 motion, he alleged ineffective assistance of trial counsel. On December 17, 2017, the Court appointed counsel to represent him. After a review of the record, his appointed counsel filed a motion to withdraw on May 2, 2018, together with a memorandum in support of the motion. In the memorandum, appointed counsel opined that the motion had no merit. The Court granted the motion to withdraw on June 29, 2018.[4]

6. In the interim, the Court appointed a Superior Court Commissioner to provide a report and recommendation pursuant to Superior Court Criminal Rule 62. After considering the record and the parties' briefs, the Commissioner recommended denying Mr. Demby's motion. In her report, she recommended that the Court find that Mr. Demby failed to allege facts sufficient to substantiate an ineffective assistance of counsel claim.

**NOW, THEREFORE,** after a *de novo* review of the record in this matter, and for the reasons stated in the Commissioner's Report and Recommendation dated August 21, 2019;

---

[3] *State v. Demby*, Del. Super., ID No. 1206011513, Graves, R.J. (April 7, 2015) ORDER. *Demby v. State*, 148 A.3d 1170 (Table) (Del. 2016).

[4] *State v. Demby*, Del. Super., ID No. 1206011513, Clark, J. (June 29, 2018) ORDER.

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A", is hereby adopted by the Court in its entirety. Accordingly, Mr. Demby's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is **DENIED**.

/s/Jeffrey J Clark
Judge

# Exhibit A

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | In and for Kent County |
| | ) | ID No. 1206011513 |
| v. | ) | |
| | ) | RK12-07-0025-01 DDeal Tier 4 (F) |
| | ) | RK12-07-0026-01 Consp 2nd (F) |
| **MICHAEL E. DEMBY,** | ) | RK12-07-0028-01 Poss Drug Parap (M) |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Nicole S. Hartman, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Michael E. Demby a/k/a Michael E. Brooks, *pro se*.

FREUD, Commissioner
August 21, 2019

The defendant, Michael E. Demby ("Demby") was found guilty following a jury trial on October 9, 2013 of one count of Drug Dealing Tier 4, 16 *Del. C*. § 4752; one count of Conspiracy in the Second Degree, 11 *Del. C*. § 512; and one count of Possession of Drug Paraphernalia, 16 *Del. C*. § 4771. The jury found him not guilty on separate counts of Drug Dealing Tier 4 and Conspiracy in the Second Degree and one

count of Criminal Solicitation Second Degree and one count of Tier 5 Possession of Drugs. The State entered *nolle prosequis* on one count of Racketeering and another count of Tier 5 Possession. On October 11, 2013 Demby, through his counsel filed a Motion for Judgment of Acquittal. The Court denied the motion on November 25, 2013[5] and sentenced Demby to twenty-seven years incarceration suspended after serving fifteen years for varying levels of probation.

A timely Notice of Appeal was filed with the Delaware Supreme Court by Demby's Trial Counsel. In the appeal the following claims were raised: whether the admission of a wiretap recording violated Demby's right to cross-examine the declarants; that the wiretap recordings should not have been admitted; and the State violated the Double Jeopardy clause. The Delaware Supreme Court found no merit in any of the claims and affirmed Demby's conviction and sentence on July 21, 2014.[6] Subsequently a Motion for a New Trial was filed alleging errors with the Office of Medical Examiner. That motion was denied in both this Court and the State Supreme Court.[7]

On March 14, 2016 Demby filed a Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. Since his second appeal to the Delaware Supreme Court was still pending, that motion was deemed premature. Subsequently on November 21, 2016, Demby filed an Amended Motion for Postconviction Relief and an accompanying Motion for Appointment of Counsel. He raises one ground for relief alleging ineffective assistance of counsel. On December 17, 2017 the Court granted the Motion for Appointment of Counsel and subsequently Kevin P. Tray, Esquire ("Appointed Counsel") was appointed to represent Demby. After a thorough and

---

[5] *State v. Demby*, Del. Super., ID No. 1206011513, Vaughn, P.J. (Nov. 25, 2013) ORDER.
[6] *Demby v. State*, 97 A.3d 1037 (Del. 2014).
[7] *State v. Demby*, Del. Super., ID No. 1206011513, Graves, R.J. (April 7, 2015) ORDER. *Demby v. State*, 148 A.3d 1170 (Table) (Del. 2016).

6

conscientious review of the facts, the record and the law in the case, Appointed Counsel filed a motion to withdraw as counsel on May 2, 2018, along with a memorandum in support of the motion, having concluded that the motion was wholly without merit and that no meritorious grounds for relief existed.  Demby was sent a copy of the motion to withdraw and given thirty days to file a response.  Appointed Counsel's motion to withdraw was granted by the Court on June 29, 2018.[8]  Next the motion moved to briefing.

## FACTS

Following are the facts as set forth by the Delaware Supreme Court:

> In May and June 2012, the Delaware State Police led a multi-agency law enforcement team that was investigating drug sales in Kent County, Delaware. The team used wiretaps to monitor communications by Galen Brooks, the target of the investigation.  On May 26, 2012, the police heard a phone conversation between Brooks and Michael Demby, which led them to believe that a drug deal was about to take place. Based on that call, the police established surveillance at the McKee Crossing Shopping Center, and at Brooks's father's home on Red Oak Drive in Dover. In the next call, the police heard Brooks telling Demby to prepare a package of cocaine and to bring it to the buyer, who would be driving a Dodge Caravan.  Brooks told Demby that the price was $2400.  The police saw Demby leave the Red Oak Drive home and place a package in the trunk of a Honda parked at the house. Demby and Brooks' brother, James, then got into the Honda and drove off.
>
> At the McKee Crossing Shopping Center, the police saw Dashawn Ayers seated in a Dodge Caravan in the parking lot. Demby and James arrived in the Honda and parked next to the Caravan.  Demby got out of the Honda and got into the

---

[8] *State v. Demby*, Del. Super., ID No. 1206011513, Clark, J. (June 29, 2018) ORDER.

Caravan, while James went into a store in the shopping center. After a few minutes, Demby got out of the Caravan and went into the store James had entered. Shortly thereafter, the two men left the store returned to the Honda, and drove away. Ayers, driving the Caravan, also left the parking lot.

One of the officers in the surveillance unit that was following Ayers instructed Delaware State Police Corporal Timothy Valeski to conduct a traffic stop on the Caravan. Ayers produced his license, but when Valeski told him to exit the car, Ayers put the Caravan in gear and fled before the police could search it. Valeski was instructed not to pursue Ayers for public safety reasons.

After the meeting at the shopping center, the police contrived to monitor Brooks' phone conversations. Demby called Brooks and told him that everything had gone well and that he had the money. Brooks told Demby to keep $100 for his participation and to give the remaining $2300 to Valerie Brooks, his mother. Valerie called Brooks a few minutes later to tell him that she received the money. Brooks told his mother to keep $50 for herself.

Ayers turned himself in to the Delaware State Police on June 1, 2012, stating that he knew he had outstanding warrants. The next day, Brooks and Demby had a telephone conversation in which Brooks agreed to give Demby one ounce of cocaine for the good work Demby had done. Police later observed an exchange of money between the two men. On June 14, 2012, the Delaware State Police arrested Demby. A Kent County Grand Jury returned an indictment against Ayers, Demby, Brooks, and 11 other individuals. Ayers was charged with one count of Drug Dealing, one count of Aggravated Possession, and one count of Conspiracy Second Degree. Demby was charged with two counts of Drug Dealing, two counts of Aggravated possession, two counts of Conspiracy Second Degree, one count of Criminal Solicitation

Second Degree, and one count of Possession of Drug Paraphernalia.

Before trial, Ayers and Demby unsuccessfully moved to suppress the wiretap evidence. Ayers also filed a Motion to Sever, which was denied. The jury convicted Ayers on all counts. Demby was convicted of one count of Drug Dealing, one count of Aggravated Possession, one count of Conspiracy Second Degree, and one count of Possession of Drug Paraphernalia. He was acquitted of the remaining charges. Ayers and Demby filed separate appeal, which were consolidated for consideration and decision.[9]

## DEMBY'S CONTENTIONS

Demby filed *pro se* an Amended Motion for Postconviction Relief pursuant to Superior Court Rule 61.[10] In his motion, he raises the following ground for relief:

> Ground one: Ineffective assistance of Counsel was unsuccessful in challenging expert witness in coded language of wiretapped conversations to prove the language meant something different, during cross examination and failed to present the court with declarants own interpreter to challenge what was being said on wiretap.

## DISCUSSION

Under Delaware law, the Court must first determine whether Demby has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the

---

[9] *Demby v. State*, 97 A.3d 1027 at 1038-39 (Del.) (Footnotes omitted.).

[10] Defendant did not provide Appointed Counsel with any grounds to present upon receipt of the Motion to Withdraw. The motion for postconviction relief before the Court that was briefed by counsel is the motion docketed November 21, 2016. Appointed Counsel was permitted to withdraw June 29, 2018.

merits of the postconviction relief claims.[11] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[12] Demby's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Demby's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights.[13] The bars to relief are inapplicable to a jurisdictional challenge or to a claim that new evidence exists that creates a strong inference that the defendant is actually innocent or that a new rule of constitutional law is retroactive to defendant's case.[14]

Demby's ground for relief is premised on an allegation of ineffective assistance of counsel. Therefore, Demby has alleged sufficient cause for not having asserted this ground for relief at trial and on direct appeal.

Demby's ineffective assistance of counsel claim is not subject to the procedural default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Demby, allege ineffective assistance of counsel in order to overcome the procedural default. "However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards."[15] The United States Supreme Court has held that:

---

[11] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).
[12] Super. Ct. Crim. R. 61(i)(1).
[13] Super. Ct. Crim. R. 61(i)(3).
[14] Super. Ct. Crim. R. 61(i)(5) and 61(d)(2)(i) and (ii).
[15] *State v. Gattis*, 1995 WL 790961 (Del. Super.).

> [i]f the procedural default is the result of ineffective assistance
> of counsel, the Sixth Amendment itself requires that the
> responsibility for the default be imputed to the State, which
> may not 'conduc[t] trials at which persons who face
> incarceration must defend themselves without adequate legal
> assistance;' [i]neffective assistance of counsel then is cause
> for a procedural default.[16]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two part analysis enunciated in *Strickland v. Washington[17]* and adopted by the Delaware Supreme Court in *Albury v. State*.[18]

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[19] Second, under *Strickland* the movant must show there is a reasonable degree of probability that but for counsel's unprofessional error the outcome of the proceedings would have been different, that is, actual prejudice.[20] In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[21]

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[22] However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an ineffectiveness

---

[16] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[17] 466 U.S. 668 (1984).

[18] 551 A.2d 53, 58 (Del. 1988).

[19] *Strickland*, 466 U.S. at 687; *see Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[20] *Id*.

[21] *See* e.g., *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[22] *Strickland*, 466 U.S. at 687.

claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[23]  In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.[24] Furthermore, Demby  must rebut a "strong presumption" that Trial Counsel's representation fell within the "wide range of reasonable professional assistance," and this Court must eliminate from its consideration the "distorting effects of hindsight when viewing that representation."[25]

Turning briefly to Demby's specific claim he alleges his Trial Counsel did an ineffective job of cross-examination and should have had an expert witness.  Demby's Trial Counsel, in his affidavit, clearly contradicts Demby's self-serving allegation and states that he strategically chose to cross-examine the State's witness based upon common sense meaning of the words being used as opposed to procuring a linguistics expert.  I have reviewed the cross-examination and concluded counsel adequately cross-examined the witness.  Furthermore, Demby has notably provided no evidence of prejudice as a result of the alleged deficiency of counsel.  This failure is fatal to Demby's claim.  Additionally given that counsel was successful in achieving acquittals on a number of the charges against Demby his strategy was partially successful.

Following a complete review of the record in this matter, it is abundantly clear that Demby has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective.  I find Trial Counsel's affidavit and Appointed Counsel's  motion to withdraw, in conjunction with the record, more credible than Demby's self-serving claims that his Trial Counsel's representation was ineffective.  Demby's Trial Counsel

---

[23] *Id.* at 697.
[24] *State v. Gattis*, 1995 WL 790961 (Del. Super.).
[25] *Strickland,* 466 U.S. at 689; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

clearly denies the allegations. Furthermore, Appointed Counsel thoroughly reviewed the record in this case and concluded that none of Demby's claims were meritorious and that no other meritorious claims could be found.

## CONCLUSION

After reviewing the record in this case, it is clear that Demby has failed to avoid the procedural bars of Superior Court Criminal Rule 61(i). A review of his Trial Counsel's affidavit, Appointed Counsel's motion to withdraw and the record clearly shows that counsel represented Demby in a competent fashion and was not ineffective. Additionally, Demby has failed to demonstrate any concrete prejudice. Consequently, I recommend that Demby's motion be denied as procedurally barred by Rule 61(i)(3) for failure to prove cause and prejudice.

/s/  Andrea M. Freud
Commissioner