# SUPERIOR COURT
### OF THE
# STATE OF DELAWARE

**JEFFREY J CLARK**
JUDGE

**KENT COUNTY COURT HOUSE**
**38 THE GREEN**
**DOVER, DELAWARE 19901**

June 1, 2015

Louis Williams, Jr.
SBI # 003
Building PT/4
Sussex Correctional Institute
P.O. Box 500
Georgetown, DE 19947

RE:    State v. Louis Williams
        ID No. 1503012393

Dear Mr. Williams:

The Court considered your motion to disqualify your attorney based on alleged ineffective assistance. As stated in Court at the conclusion of the motion hearing, your motion is DENIED.

You alleged in your written motion and orally in court that (1) counsel did not send you discovery responses in your case in a timely manner; (2) that counsel disagreed with your decision not to waive your preliminary hearing; (3) that counsel chose to not present certain questions at your preliminary hearing, despite your request, and (4) that counsel's demeanor made it difficult for your to interact with her.

The standard for such a motion to disqualify filed by a Defendant seeking to remove his or her  attorney includes a determination as to whether (1) counsel's representation fell below an objective standard of reasonableness, and (2) whether

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. State v. Perkins, 2005 WL 3194460 at *5 (Del. Super. Ct. Oct. 18, 2005). The Court's review of such motions includes the recognition that counsel's conduct "is subject to a strong presumption that his or her representation was 'professionally reasonable.'" Outten v. State, 720 A.2d 547, 552 (Del. 1998). In addition, the defendant "must make specific allegations of actual prejudice and substantiate them." Id.

Here, you make only conclusory claims that counsel was ineffective. It is apparent that at your request, counsel conducted a preliminary hearing in the matter. Moreover, the Court has reviewed the transcript from your preliminary hearing. The questions and conduct of defense counsel at the hearing meet the objective standard of reasonableness. Furthermore, counsel represents that she forwarded the discovery from the State to you promptly after receipt. In Court, you acknowledged that you have now received all state discovery responses in your case, well in advance of your trial date. Your preliminary case review is not scheduled until June 9th. Likewise, your conclusory allegation regarding Counsel's demeanor do not rise to the level of showing actual prejudice or are substantiated in any regard.

You have failed to establish that your have suffered any prejudice as a result of your counsel's representation of you. Moreover, counsel's representation to date has been objectively reasonable and there is no reasonable probability that counsel's actions have in any way impaired your rights to a fair trial. For these reasons, your Motion to Disqualify Counsel is DENIED.

/s/ Jeffrey J Clark
Jeffrey J Clark

cc:     Counsel
        Prothonotary