# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | In and for Kent County |
| | : | ID No. 1406002733 |
| | : | |
| v. | : | RK15-02-0044-01 Att Child Abuse (F) |
| | : | RK15-02-0049-01 Att Rape 2nd (F) |
| TODD GREEN, | : | RK15-06-0362-01 Unlaw Sex Con (F) |
| | : | |
| Defendant. | : | |

## ORDER

Submitted: October 25, 2019
Decided: November 21, 2019

On this 21st day of November, 2019, upon consideration of Defendant Todd Green ("Mr. Green")'s motion for postconviction relief, the State's response, the Commissioner's Report and Recommendation, Mr. Green's exceptions, and the record in this case, it appears that:

1. The State prosecuted Mr. Green for various sex offenses. The matter was tried before a jury in June 2015.

2. At the conclusion of the State's case, trial defense counsel successfully moved for a judgment of acquittal on several counts. Namely, the Court entered a judgment of acquittal regarding the following charges: one count of Child Abuse; one count of Rape in the First Degree; one count of Attempted Rape in the Second Degree; one count of Attempted Rape in the Fourth Degree; and two counts of Attempted Child Abuse. At the conclusion of the trial, the jury found Mr. Green guilty of one count of Attempted Rape in the Second Degree, 11 *Del. C.* § 772; one count of Attempted Child Abuse, 11 *Del. C.* § 778; and one count of Unlawful Sexual Contact in the Second

Degree, 11 *Del. C.* § 768. It found him not guilty of the following: two counts of Rape in the First Degree; six counts of Child Abuse; three counts of Rape in the Second Degree; one count of Continual Sexual Abuse of a Child; one count of Attempted Child Abuse; one count of Attempted Rape in the Second Degree; and one count of Unlawful Sexual Contact in the Second Degree.

3. The Court then ordered a presentence investigation. On September 15, 2015, the Court sentenced Mr. Green to sixty-eight years of incarceration suspended after fifty years and nine months, for varying levels of probation. Fifty years of the unsuspended sentence constituted a minimum mandatory sentence.

4. Mr. Green then appealed the matter to the Delaware Supreme Court. He contended that the cumulative effect of irrelevant and prejudicial testimony deprived him of a fair trial. In its decision, the Supreme Court held that the challenged testimony did not jeopardize Mr. Green's right to a fair trial and did not change the outcome of the trial. Accordingly, it affirmed his convictions and sentences.[1] When doing so, the Supreme Court addressed the cumulative effect of the evidence admitted without defense objection.[2] It found that the cumulative effect of the challenged testimony and evidence did not jeopardize trial fairness.[3]

5. Mr. Green next filed a *pro se* motion for postconviction relief and motion for appointment of counsel. The Court appointed Rule 61 counsel on January 23, 2017.[4] Mr. Green then filed an amended motion for post conviction relief. In it, he advances an ineffective assistance of counsel claim. He alleges that trial counsel's representation was objectively unreasonable because of her failure to object in certain circumstances

---

[1] *Green v. State*, 147 A.3d 748 (Table), 2016 WL 4699156, at *1 (Del. 2016)..
[2] *Id*. at *2-3.
[3] *Id.*
[4] *State v. Green*, Del. Super., ID No. 1406002733, Clark, J. (Jan. 23, 2017) (ORDER).

2

and to request a mistrial in others. He also alleges that the cumulative impact of these failures caused him prejudice.

6. After considering Mr. Green's motion, the State's response, and the record, the Commissioner issued her Report and Recommendation. In it, she recommended that the Court deny Mr. Green's motion.

7. Mr. Green then filed written exceptions to the Commissioner's Report and Recommendation. Primarily, he alleges that the Report and Recommendation conflate the Supreme Court's decision on direct appeal and the *Strickland* analysis required in the present motion. The Court disagrees. First, trial counsel's performance was reasonable. In large part, his trial counsel's strategy was successful. Second, Mr. Green did not substantiate that, but for his trial counsel's allegedly unprofessional performance, the outcome of the proceedings would have been different.[5] Although the Supreme Court undertook a plain error analysis on direct appeal, its holding regarding the same alleged cumulative errors controls this aspect of Mr. Green's Rule 61 motion. When deciding the direct appeal, the Supreme Court examined the trial record and recognized the overwhelming evidence of Mr. Green's guilt.[6] That it did so under a plain error review does not obviate the applicability of its finding. Namely, the State recovered Mr. Green's DNA from the thirteen year old victim. That, coupled with eyewitness testimony and physical evidence of injury to the victim, provided overwhelming evidence of guilt sufficient to make inapplicable the second prong of the *Strickland* analysis. Namely, Mr. Green fails to demonstrate that but for his trial counsel's decisions, the outcome would have been different.

**NOW, THEREFORE,** after a *de novo* review of the record, for the reasons

---

[5] *See Strickland v. Washington*, 466 U.S. 668, 687 (U.S. 1984) (discussing this second prong of the test).

[6] *Green*, 2016 WL 4699156, at *3.

discussed above, and for the reasons provided in the Commissioner's Report and Recommendation dated September 23, 2019;

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A", is adopted by the Court in its entirety. Mr. Green's motion for postconviction relief pursuant to Superior Court Criminal Rule 61 is therefore **DENIED**.

/s/Jeffrey J Clark
Judge

# Exhibit A

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE | ) In and for Kent County |
| | ) ID No. 1406002733 |
| | ) |
| v. | ) RK15-02-0044-01 Att Child Abuse (F) |
| | ) RK15-02-0049-01 Att Rape 2nd (F) |
| TODD GREEN, | ) RK15-06-0362-01 Unlaw Sex Con (F) |
| | ) |
| Defendant. | ) |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Kathleen A. Dickerson, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Benjamin S. Gifford, IV, Esq., for Defendant.

FREUD, Commissioner
September 23, 2019

The defendant, Todd Green ("Green"), was found guilty following a jury trial on June 22, 2015 of one count of Attempted Rape in the Second Degree, 11 *Del. C*. § 772; one count of Attempted Child Abuse, 11 *Del. C*. § 778; and one count of Unlawful Sexual Contact in the Second Degree, 11 *Del. C*. § 768. At the conclusion of the State's

case the defense moved for a Judgment of Acquittal as to several counts. The Court granted the motion and a Judgment of Acquittal was entered as to the following charges: one count of Child Abuse, one count of Rape in the First Degree, one count of Attempted Rape in the Second Degree, one count of Attempted Rape in the Fourth Degree and two counts of Attempted Child Abuse. Green was found not guilty on two counts of Rape in the First Degree, six counts of Child Abuse, three counts of Rape in the Second Degree, one count of Continual Sexual Abuse of a Child, one Count of Attempted Child Abuse, and one Count of Attempted Rape in the Second Degree and one Count of Unlawful Sexual Contact in the Second Degree. A presentence report was ordered and on September 15, 2015 Green was sentenced to a total of sixty-eight years incarceration suspended after serving fifty years and nine months incarceration for varying levels of probation. The first fifty years were minimum mandatory.

Green, through counsel, appealed his conviction to the Delaware Supreme Court. Once the Notice of Appeal was filed in the Supreme Court by Appellate Counsel, Green, *pro se*, requested that he be permitted to represent himself on appeal. The Supreme Court remanded the matter back to this Court to determine if Green was capable of representing himself. On remand this Court held an evidentiary hearing at which Green initially stated he wanted to proceed *pro se* because Appellate Counsel would not raise all the issues he wanted raised. Upon further questioning by the Court however, Green withdrew his request to proceed *pro se* and stated that he did not wish to waive his right to counsel on appeal and would proceed with his current Appellate Counsel if the Supreme Court denied his motion for appointment of new Appellate Counsel. The issues on appeal were noted by the Supreme Court as follows:

> (2) Green makes one argument on appeal. He contends that
> the cumulative effect of irrelevant and prejudicial testimony

7

deprived him of a fair trial. After a careful review of the record on appeal, we find that the challenged testimony did not jeopardize Green's substantial rights or deprive him of a fair trial. We therefore affirm his convictions.[7]

The Supreme Court on September 7, 2016 affirmed Green's conviction and sentence stating:

> (18) Green has not shown that the cumulative effect of the witnesses' statements deprived him of a fair trial or resulted in "manifest injustice." As we have noted before, the statements were isolated events in the trial, the trial judge properly addressed evidentiary objections brought to his attention, and gave a curative instruction when requested. Any prejudicial effect of the testimony relied upon by Green is also **far outweighed by the overwhelming evidence of his guilt.** Thus, the Superior Court was not required to grant Green a new trial based on the evidentiary issues raised by Green (emphasis not in the original).[8]

On January 5, 2017 Green filed a *pro se* motion for postconviction relief and Motion for Appointment of Counsel. The Motion for Appointment of Counsel was granted on January 23, 2017.[9]

**FACTS**

Following are the facts as set forth by the Delaware Supreme Court:

> (3) Mother and her three daughters lived for a time in Connecticut, but moved to Mother's sister's house in Camden, Delaware due to conflict between Mother and Green. In February 2012, Mother and her daughters then moved to Kent Acres in Dover, Delaware. Green soon moved into the Kent Acres home. The five then moved to another home on Thames Drive in Dover. In August 2013,

---

7 *Green v. State*, 147 A.3d 748 (Table), 2016 WL 4699156, at *1.
8 *Id*. at *3 (footnote omitted).
9 *State v. Green*, Del. Super., ID No. 1406002733, Clark, J. (Jan. 23, 2017) (ORDER).

8

they again moved, this time to Stevens Street in Kent County just south of Dover. The victim and her older sister shared a bedroom in the Stevens Street home.

(4) On May 28, 2014, the victim stayed home from school because she did not feel well. That evening, Mother left the house at around 8 p.m. to go bowling. The victim's older sister was away from the house at work. After the youngest daughter went outside to play, the victim and Green were the only ones in the house. Green went into the victim's bedroom while she was sleeping and removed her clothes. Green then sexually assaulted the victim. When the victim's older sister came home from work after missing calls from the victim, the victim told her that Green raped her. Green had gone 'out somewhere' and was not at the house when the victim's older sister returned. The victim's older sister called 911.

(5) When a police officer arrived at the Stevens Street home around midnight, they spoke with the victim and collected the clothes she wore during the assault. Once Mother returned home, the officer accompanied Mother, the victim, and the victim's sisters to Kent General Hospital for a medical examination. Dawn Culp, a sexual assault nurse examiner, examined the victim. Culp swabbed the victim's chest for seminal fluid residue and noted abrasions in the victim's vagina. A DNA analysis of seminal fluid stains from the victim's clothes and the swab from her breast revealed a match with Green's DNA.

(6) On February 2, 2015, a grand jury indicted Green on fifteen counts of sexual assault. The indictment alleged that four counts occurred at the Kent Acres home, four counts occurred at the Thames Drive home, and the remaining seven counts occurred at the Stevens Street home.

(7) At Green's June 2015 trial, the victim, the Mother,

9

victim's older sister, and Culp testified. The victim, who was fourteen at the time, testified that Green raped her on three separate occasions, once at each of their homes. The victim's older sister testified that when she returned from work the night of the May 2014 incident, the victim told her that Green raped her and that it was not the first time. Mother testified that after she came home from her bowling league, police were at the house. She also testified that she went to the hospital with her daughters where the victim was crying and did not want to talk about the incident. Culp testified that she performed an extensive examination of the victim. During her examination, she found abrasions in the victim's vagina and swabbed for DNA material. The DNA taken from the victim's clothes and breast matched Green's DNA.

(8) As part of some background questions about Green's relationship with Mother, the victim's older sister testified that she had problems with Green because "He would hit [her] mom." Green's counsel did not object. Mother also testified that she and her daughters moved from Connecticut to Delaware because she and Green had a fight while living in Connecticut and he threatened to kill them. Green's counsel objected and the court sustained the objection. Counsel did not request a curative instruction.

(9) During Culp's testimony, in response to a question about whether the victim's complaints were consistent with the injuries she found, Culp responded that she believed what the victim told her about what occurred. Green's counsel objected to Culp's vouching for the credibility of the victim. The court sustained the objection and instructed the jury to disregard Culp's personal opinion testimony on the victim's credibility. After trial the jury found Green guilty of three of the fifteen counts of sexual assault. The court sentenced Green to a mandatory fifty year and nine month Level V sentence.[10]

_____

[10] *Green*, 2016 WL 4699156, at **1-2.

## GREEN'S CONTENTIONS

Green's Appointed Counsel filed an Amended Motion for Postconviction Relief pursuant to Superior Court Rule 61. In the motion, he raises the following claims for relief:

> Claim I: Trial counsel failed to provide Mr. Green with effective representation throughout his trial in violation of Mr. Green's Sixth, Eighth and Fourteenth Amendment rights under the United States Constitution, as well as his Delaware Constitutional rights under Article 1, §§ 4, 7 and 11.
>
>
> A. Applicable Law.
> B. Trial Counsel failed to object during trial.
> C. Trial Counsel failed to request a mistrial after the jury was exposed to highly prejudicial testimony from an expert witness.
> D. Trial Counsel failed to effectively cross-examine Ms. Paolo.
> E. Trial Counsel failed to request a specific unanimity instruction.
> F. The cumulative prejudice of Trial Counsel's ineffectiveness throughout trial necessitate relief.
>
> Claim II: Appellate Counsel was ineffective by failing to provide Mr. Green with effective representation in the appellate phase of the case in violation of Mr. ~~Adkins~~'s [(sic?] Sixth and Fourteenth Amendment rights under the United State Constitution and his rights under Article I, §§ 4, 7, and 9 of the Delaware Constitution by failing to raise arguably meritorious claims.
>
> A. Applicable Law.
> B. Appellate Counsel's constitutionally deficient performance prejudiced Mr. Green.

11

**DISCUSSION**

Under Delaware law, the Court must first determine whether Green has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[11] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[12] Green's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Green's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either. Rule 61(i)(4) bars claims that have been previously adjudicated.[13] To some extent Green's litany of errors alleged to have been made by Trial Counsel are similar to his claims on direct appeal, concerning his Trial Attorney's failure to have objected to testimony. Consequently these claims should be procedurally barred.

To the extent Green now raises new claims not previously raised on direct appeal they should be barred unless he demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights.[14] The bars to relief are inapplicable to a jurisdictional challenge or "to a claim that satisfies the pleading requirements of subparagraph (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[15] To meet the requirements of Rule 61(d)(2) a defendant must plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted[16] or that he pleads with

---

[11] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).
[12] Super. Ct. Crim. R. 61(i)(1).
[13] Super. Ct. Crim. R. 61(i)(4).
[14] Super. Ct. Crim. R. 61(i)(3).
[15] Super. Ct. Crim. R. 61(i)(5).
[16] Super. Ct. Crim. R. 61(d)(2)(i).

particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United State or Delaware Supreme courts, applies to the defendant's case  rendering the conviction invalid.[17]  Green's motion pleads neither requirement of Rule 61(d)(2).

Each of Green's grounds for relief are premised on allegations of ineffective assistance of counsel.  Therefore Green has alleged sufficient cause for not having asserted these grounds for relief at trial and on direct appeal. Green's ineffective assistance of counsel claims are not subject to the procedural default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal.  For this reason, many defendants, including Green, allege ineffective assistance of counsel in order to overcome the procedural default. "However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards."[18]  The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance;' [i]neffective assistance of counsel then is cause for a procedural default.[19]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two part analysis enunciated in *Strickland v. Washington*[20] and adopted by the

---

[17]  Super. Ct. Crim. R. 61(d)(2)(ii).
[18]  *State v. Gattis*, 1995 WL 790961 (Del. Super.).
[19]  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).
[20]  466 U.S. 668 (1984).

13

Delaware Supreme Court in *Albury v. State*.[21]

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[22] Second, under *Strickland* the movant must show there is a reasonable degree of probability that but for counsel's unprofessional error the outcome of the proceedings would have been different, that is, actual prejudice.[23] In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[24]

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[25] However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[26] In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.[27] Furthermore, Green must rebut a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and this Court must eliminate from its consideration the "distorting effects of hindsight when viewing that representation."[28]

---

[21] 551 A.2d 53, 58 (Del. 1988).
[22] *Strickland*, 466 U.S. at 687; *see Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[23] *Id*.
[24] *See* e.g., *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).
[25] *Strickland*, 466 U.S. at 687.
[26] *Id.* at 697.
[27] *State v. Gattis*, 1995 WL 790961 (Del. Super.).
[28] *Strickland,* 466 U.S. at 689; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

Moreover, there is a strong presumption that defense counsel's conduct constituted sound trial strategy.[29] In *Harrington v. Richter*,[30] the United States Supreme Court explained the high bar that must be surmounted in establishing an ineffective assistance of counsel claim. In *Harrington*, the United States Supreme Court explained that representation is constitutionally ineffective only if it so undermined the proper functioning of the adversarial process that the defendant was denied a fair trial.[31] The challenger's burden on an ineffective assistance of counsel claim is to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be so serious as to deprive the defendant of a fair trial.[32]

Counsel's representation must be judged by the most deferential of standards. The United States Supreme Court cautioned that reviewing courts must be mindful of the fact that unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with his client, with opposing counsel, and with the judge. In light of this strong precedent I have reviewed the file, considered Trial and Appellate Counsels' affidavits and the arguments of counsel and I conclude that Green is simply nit picking at each conceivable potential instance when an objection or defense request could have been made based on a "Monday Morning Quarterback" rational. Both Trial and Appellate Counsel have vast and extensive criminal trial and appellate experience respectively. Between them they have nearly seventy years of criminal practice and are well versed in trial and appellate strategy. I

---

[29] *Strickland v. Washington*, 466 U.S. 668, 689 (1984).
[30] *Harrington v. Richter*, 131 S.Ct. 770 (201l).
[31] *Id*., at 791.
[32] *Id*.

find Trial and Appellate Counsels' affidavits far more compelling than Green's nit picking Monday Morning Quarterbacking. Trial Counsel was "on the ground" and made wise strategy decisions not to object at various points during the trial. The fact that she was able to secure both judgments of acquittals for several charges and not guilty verdicts on many more counts is impressive in light of the "overwhelming" evidence of Green's guilt, as noted by the Delaware Supreme Court in its opinion. The Delaware Supreme Court in *Strickland* clearly sought to foreclose the type of "ticky tacky" claims Green makes in hindsight. I find that Trial and Appellate Counsel represented Green effectively. I chose not to go through each and every little instance Green claims some potential error, because I do not see any conceivable way that the errors he has alleged could possibly have prejudiced Green under the facts of this case. I find the State's detailed discussion of each of Green's claims well done and adopt their arguments concerning Trial and Appellate Counsel well reasoned strategic choices.[33] Bottom line, I conclude that Trial and Appellate Counsel represented Green in a competent manner and that there was no prejudice resulting from any act or omission.[34]

## CONCLUSION

After reviewing the record in this case, it is clear that Green has failed to avoid the procedural bars of Superior Court Criminal Rule 61(i). A review of his counsels' affidavits clearly show that counsel represented Green in a competent fashion and was not ineffective. Additionally, Green has failed to demonstrate any concrete prejudice. Consequently, I recommend that Green's motion be denied as procedurally barred by Rule 61(i)(3) and (4) for failure to prove cause and prejudice and as previously

---

[33] *State v. Green*, Del. Super., ID No. 1406002733, D.I. 85, pp. 4-15.

[34] I also note that this case could easily have been a candidate for a Motion to Withdraw as Counsel under Super. Ct. Crim. R. 61(e)(6) as lacking merit. Just because counsel is appointed does not automatically mean that there are meritorious claims.

adjudicated.

/s/  Andrea M. Freud
Commissioner