IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| OTIS PHILLIPS, | § | |
| | § | No. 549, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1210013321 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 3, 2020
Decided: July 21, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

**O R D E R**

Upon consideration of the parties' briefs and the record of the case, it appears that:

(1) Otis Phillips appeals from the Superior Court's denial of his motion for postconviction relief. He makes one claim. He contends that the Superior Court erred by finding that his trial attorneys were not ineffective in failing to request a mistrial after learning during jury deliberations that, as Phillips frames it, "one of the jurors had not collected or taken in any evidence presented during the trial."[1] We

---

[1] Appellant's Opening Br. at 6.

find no merit to Phillips' contention and affirm.

(2)  Phillips was convicted at a Superior Court jury trial of Murder in the First Degree, Murder in the Second Degree, Manslaughter, Gang Participation, Conspiracy in the First Degree, five counts of Possession of a Firearm During the Commission of a Felony, Assault in the Third Degree, Assault in the Second Degree, and Reckless Endangering.  His convictions were affirmed on direct appeal to this Court.[2]  The trial was a joint trial of Otis and a co-defendant, Jeffrey Phillips.

(3)  Phillips then filed his motion for postconviction relief.  In the Superior Court he asserted one ground for relief, the same claim he now asserts here on appeal.  The matter was assigned to a Superior Court Commissioner.  After giving both Phillips and the State a full and fair opportunity to be heard, the commissioner, applying the standard set forth in *Strickland v. Washington*,[3] concluded that Phillips failed to show either that his trial attorneys' conduct was objectively unreasonable or that he suffered prejudice from his trial attorneys' alleged errors.  She issued a report making findings of fact and recommending that Phillips' motion be denied.  A Superior Court Judge adopted the commissioner's report and recommendation. This appeal followed.

(4)  The facts relevant to Phillips' claim arose during jury deliberations at his

---

[2] *Phillips v. State (Phillips I)*, 154 A.3d 1130, 1146 (Del. 2017) (en banc).
[3] 466 U.S. 668 (1984).

trial.  On the morning of the second day of jury deliberations, Juror No. 10 gave a

note directly to a bailiff without going through the jury foreperson.  The note said

that she would like "to be removed from this process, which I do not interpret as

facilitating justice."[4]  The trial judge discussed the note at some length with counsel.

Without objection from defense counsel for either Otis or Jeffrey, the judge decided

not to address the note with Juror No. 10 or the jury as a whole.

(5) The note from Juror No. 10 was followed an hour later by a note from the

jury foreperson.  That note read:

> We are not able to productively discuss the case due to the
> fact that one juror . . . claims to have not collated any of
> the evidence presented from day 1.  She was told not to
> form an "opinion" from the start and has interpreted that
> to mean that she should not be taking in information,
> putting it in perspective, and apply deductive reasoning to
> determine whether the events occurred as the state
> presents.
>
> She is upsetting all of the other jurors.[5]

In their briefs, both Phillips and the State quote the handwritten note as saying that

one juror claimed not to have "collected" any of the evidence rather than not to have

"collated" any of the evidence.[6]  The note itself seems to say "collated."[7]  We reach

---

[4] App. to Appellant's Opening Br. at A1485.

[5] *Id.* at A1486.

[6] Appellant's Opening Br. at 21; Appellee's Answering Br. at 8.  The trial judge expressed uncertainty as to "whether [the note said] 'collected' or 'collated.'"  App. to Appellant's Opening Br. at A1464.

[7] *See* App. to Appellant's Opening Br. at A1486.

3

the same result reading the word as either "collected" or "collated."

(6) After an extensive discussion of the second note with counsel, the trial judge instructed the jury as follows:

> Good morning, Ladies and Gentlemen. In response to the note I received, please refer to the jury instructions on how to conduct deliberations. Delaware law does not permit the substitution of any juror once deliberations begin. Thank you. Would you please go back into the Jury Room.[8]

Jeffrey objected to the sentence in the instruction informing the jurors that Delaware law does not permit the substitution of an alternate juror once deliberations begin. A fair reading of the record indicates that Otis did not object to the instruction as given.

(7) On direct appeal, Otis argued that the instruction given in response to the second note "was coercive and premature."[9] The Court rejected his argument, finding that "[t]he trial judge properly exercised his discretion by providing the jury with an instruction that was an accurate statement of the law and that was not coercive."[10]

(8) Phillips makes the following contentions: that Juror No. 10's note indicates that she had not collected or taken in any evidence presented during trial;

---

[8] *Id.* at A1481-82.
[9] *Phillips I*, 154 A.3d at 1145.
[10] *Id.*

that Phillips had a fundamental right to be tried by a jury of twelve; that by failing to request a mistrial due to one juror abdicating her responsibility to pay attention to the presentation of the evidence, his trial attorneys were ineffective and allowed Phillips' right to a trial of twelve to be vitiated; that Phillips was convicted by a jury of eleven, not twelve; and that he is entitled to a new trial to safeguard his right to a jury of twelve. If the trial judge had denied a motion for a mistrial, Phillips continues, his trial attorneys should have requested that the trial judge interview Juror No. 10 to determine the meaning of her note and to ascertain whether she had paid attention to the evidence presented and thus remained competent to deliberate.

(9) The State contends in response that Phillips' claim is procedurally barred by Superior Court Criminal Rule 61(i)(4), which bars claims that were formerly adjudicated. The State contends that Phillips' claim was adjudicated in his direct appeal to this Court. The State also contends that Phillips has failed to establish either that his trial attorneys' conduct fell below an objective standard of reasonableness or that he suffered prejudice because of counsels' alleged errors.

(10) We review the Superior Court's denial of a Rule 61 motion for postconviction relief for abuse of discretion.[11] We review legal and constitutional questions *de novo*.[12]

---

[11] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013) (en banc).
[12] *Id.*

5

(11) To prevail on a claim of ineffective assistance of counsel, the defendant must satisfy *Strickland*'s two-prong standard.[13] The defendant must prove that (1) his trial attorney's performance was objectively unreasonable and (2) his defense was prejudiced as a result.[14] Under the first prong, judicial scrutiny is "highly deferential."[15] Courts must ignore the "distorting effects of hindsight" and proceed with a "strong presumption" that counsel's conduct was reasonable.[16] The *Strickland* Court explained that "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."[17]

(12) Under the second prong, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[18] In other words, "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding."[19] The movant "must make specific allegations of actual prejudice and substantiate them."[20] These allegations must show "that there is a reasonable probability that, but for counsel's

---

[13] 466 U.S. at 687.
[14] *Id.* at 687-88, 691-92.
[15] *Id.* at 689.
[16] *Id.*
[17] *Id.* at 690.
[18] *Id.* at 693.
[19] *Id.*
[20] *Outten v. State*, 720 A.2d 547, 552 (Del. 1998) (en banc) (quoting *Wright v. State*, 671 A.2d 1353, 1356 (Del.) (en banc), *cert. denied*, 517 U.S. 1249 (1996)).

unprofessional errors, the result of the proceeding would have been different."[21] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[22] "The 'reasonable probability' standard is less strict than the 'more likely than not' standard, but it requires more than a showing of a theoretical possibility that the outcome was affected."[23] In sum, the defendant must prove actual prejudice.[24]

(13) In their affidavit filed in the postconviction proceeding in Superior Court, Phillips' trial attorneys explained their approach to Juror No. 10's note:

> When it became apparent that a member of the Jury was not satisfied with the process rather than asking for a mis trial [sic] it was determined that Phillips would be better off with a Juror who would possibly be unable to render a verdict of guilty. It was perceived that Juror 10 was that Juror. After discussion with Phillips, a strategic decision to leave her on the jury was made.[25]

(14) The Superior Court commissioner reasoned that even if Phillips' motion was not procedurally barred, he failed to satisfy either prong of *Strickland*. With regard to the first prong, she reasoned that his trial attorneys' strategic choice not to seek a mistrial was reasonable. Phillips urges us to find that his trial attorneys'

---

[21] *Albury v. State*, 551 A.2d 53, 58 (Del. 1988) (quoting *Strickland*, 466 U.S. at 694).

[22] *Strickland*, 466 U.S. at 694.

[23] *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992), *cert. denied*, 507 U.S. 954 (1993) (citing *Strickland*, 466 U.S. at 693-94).

[24] *Strickland*, 466 U.S. at 693 ("[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice.").

[25] App. to Appellant's Opening Br. at A2265.

choice was objectively unreasonable. If the jury failed to come to a unanimous verdict, he argues, the trial court would have declared a mistrial, the same relief his trial attorneys were ineffective for not seeking to protect his right to a jury of twelve. In addition, Phillips argues, his trial attorneys should have recognized the significant risk that the discontented juror would fall in line with the majority and vote to convict. The commissioner, however, properly observed that the court would not second-guess counsel's strategic decision. The commissioner also rejected Phillips' contention that his trial attorneys should have asked the trial judge to interview Juror No. 10. The commissioner noted that great deference is given to the strategy chosen by a defendant's trial attorneys, and the chosen strategy did not deprive Phillips of meaningful representation. We agree with the commissioner's analysis.

(15) The commissioner also found that Phillips failed to show prejudice because he could not establish that there was a reasonable probability that a motion for a mistrial would have been granted. We agree. Phillips must show that there was more than just a theoretical possibility that a mistrial would have been granted. The juror issues involved in this case were susceptible of being resolved through a jury instruction, as was done by the trial judge. There is no reason to believe that the trial judge would have seriously entertained a motion for a mistrial. Nor has Phillips shown that the trial judge would have separately interviewed Juror No. 10, if asked to do so, or that such an interview would have led to a different result.

8

NOW, THEREFORE, IT IS THE ORDER of the Court that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice