# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )    ID No. 1509015531
                         )

v.                    )
                         )    RK15-11-0332-01 PFBPP (F)

JEFFREY L. CRIPPEN,    )    RK15-11-0333-01 PABPP (F)
                         )

Defendant.        )

## ORDER

Submitted: March 12, 2021
Decided: April 7, 2021

On this 7th day of April, 2021 upon consideration of the Defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, **IT APPEARS THAT**:

1. The defendant, Jeffrey L. Crippen was found guilty following a bench trial on November 15, 2016 of one count of Possession of a Firearm by a Person Prohibited, 11 *Del. C.* § 1448, and one count of Possession of Firearm Ammunition by a Person Prohibited, 11 *Del. C.* §1448.

2. The Court acquitted Mr. Crippen of one count of Drug Dealing, one count of Endangering the Welfare of a Child, and one count of Possession of Drug Paraphernalia. The State also entered a *nolle prosequi* on one count of Receiving a Stolen Firearm. On January 10, 2017, the Court sentenced Mr. Crippen to twenty-three years incarceration suspended after serving ten years for varying levels of probation.

3. A timely Notice of Appeal was filed with the Delaware Supreme Court by Mr. Crippen's Trial Counsel. His appellate counsel filed a motion to withdraw

1

pursuant to Supreme Court Rule 26(c) and a brief stating that, after a careful review of the record, he found no arguably appealable issue. The Delaware Supreme Court then held the appeal to be without merit. If affirmed Mr. Crippen's conviction and sentence on July 7, 2017.[1]

4. Thereafter, Mr. Crippen filed the instant motion pursuant to Superior Court Criminal Rule 61. The Court referred the matter to the Commissioner for findings of fact and recommendations pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62. The Commissioner recommends that the Court deny the Defendant's Motion for Postconviction Relief. After the issuance of the Commissioner's Report, neither party filed written objections.

**NOW, THEREFORE,** after a *de novo* review of the record, and for the reasons stated in the Commissioner's Report and Recommendation dated December 18, 2020;

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation, attached hereto as Exhibit "A", is adopted by the Court in its entirety. Accordingly, Mr. Crippen's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is **DENIED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

JJC/klc

---

[1] *Crippen v. State*, 168 A.3d 672 (Table), 2017 WL 2925442.

# Exhibit

# A

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | In and for Kent County |
| | ) | ID No. 1509015531 |
| v. | ) | |
| | ) | RK15-11-0332-01 PFBPP (F) |
| | ) | RK15-11-0333-01 PABPP (F) |
| **JEFFREY L. CRIPPEN,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief Pursuant to Superior Court Criminal Rule 61

Gregory R. Babowal, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Jeffrey L. Crippen, *Pro se*.

FREUD, Commissioner
December 18, 2020

The defendant, Jeffrey L. Crippen ("Crippen") was found guilty following a Bench trial on November 15, 2016 of one count of Possession of a Firearm by a Person Prohibited, 11 *Del. C.* § 1448 and one count of Possession of Firearm Ammunition by a Person Prohibited, 11 *Del. C.* §1448. The Court acquitted Crippen of one count of Drug Dealing, one count of Endangering the Welfare of a Child and one count of Possession of Drug Paraphernalia. The State entered a *nolle prosequi*

on one count of Receiving a Stolen Firearm. On January 10, 2017 the Court sentenced Crippen to twenty-three years incarceration suspended after serving ten years for varying levels of probation.

A timely Notice of Appeal was filed with the Delaware Supreme Court by Crippen's Trial Counsel. Crippen's Appellate Counsel filed a motion to withdraw pursuant to Supreme Court Rule 26(c) and a brief stating after a careful review of the record he found no arguably appealable issue. Appellate Counsel also requested an extension for Crippen to file with the Supreme Court any issues he wished to raise which the Court granted. Unfortunately, due to Appellate Counsel's serious illness another attorney from the Public Defenders Office filed the Rule 26(c)brief prior to Crippen submitting his issues because the substitute counsel was unaware an extension had been granted. Consequently, the Delaware Supreme Court did not address what, if any, claims Crippen would have raised. The Delaware Supreme Court found after a careful review of the record that the appeal was wholly without merit and devoid of appealable issues. The court affirmed Crippen's conviction and sentence on July 7, 2017.[1]

On June 25, 2018 Crippen filed, *pro se,* a Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 with an accompanying Motion for Appointment of Counsel. He raised eight grounds for relief alleging ineffective assistance of counsel. On July 13, 2018 Crippen filed a supplemental memorandum in which he addressed six issues raised in his original motion and added two additional issues. He does not address claims seven and eight from the Rule 61 motion in his memorandum. On July 12, 2018 the Court granted the Motion for Appointment of Counsel and subsequently Christopher S. Koyste, Esquire

---

[1] *Crippen v. State*, 168 A.3d 672 (Table), 2017 WL 2925442.

2

("Appointed Counsel") was appointed to represent Crippen. After a thorough and conscientious review of the facts, the record and the law in the case, Appointed Counsel filed a motion to withdraw as counsel on August 26, 2019, along with an extremely thoughtful and thorough memorandum in support of the motion to withdraw which went through each of Crippen's allegations and stated why they were meritless. Appointed Counsel stated Crippen's motion was wholly without merit and that no meritorious grounds for relief existed. Crippen was sent a copy of the motion to withdraw and given thirty days to file a response. Appointed Counsel's motion to withdraw was granted by the Court on November 14, 2019.[2] Next Crippen's *pro se* motion moved to briefing.

## FACTS

Following are the facts as set forth by Appointed Counsel in his motion to Withdraw Memorandum:[3]

> On September 21, 2015, law enforcement executed a search warrant at 92 Village Drive in Dover, Delaware. Before entering the residence, law enforcement searched a Honda vehicle parked outside of the home that was registered to Natasha Maybin later determined to be Mr. Crippen's girlfriend. 5.2 grams of crack cocaine was discovered in a hide-a-key box inside of the driver front door panel of the Honda and probation paperwork for Mr. Crippen was found above the front seat visor.
>
> During the search of the residence, the following items were found: $13,000 in currency in the night stand of the master bedroom; black men's Nike shoes next to the night

---

[2] *State v. Crippen*, Del. Super., ID No. 1509015531, Clark, J. (Nov. 14, 2019) (ORDER).

[3] *State v. Crippen*, D.I. 66 p. 3 - 6 (cites to transcript omitted).

3

stand; a sandwich bag and digital scale inside of a concealment can; eyeglasses and an alcohol beverage server training certificate for Mr. Crippen bearing his date of birth inside of an eyeglass case; a wallet inside of a purse in the master bedroom closet containing items belonging to Mr. Crippen, such as his social security card; a jacket hanging inside of the master bedroom closet with a job application for Mr. Crippen inside the pocket bearing an address of 1163 Adams Court Drive in Dover, Delaware; and a loaded 9mm handgun on the top shelf of the master bedroom closet along with a gun box and ammunition.

Mr. Crippen was seen attempting to flee through an open window and was placed under arrest. Thereafter, Mr. Crippen was interviewed at the Dover Police Department and the interviewing officer testified at trial that Mr. Crippen admitted to having previously observed the firearm at the residence. A video recording of this interview was played at trial and admitted into evidence. During the interview, Mr. Crippen acknowledged that he had seen the gun in the closet before, stated that the guns and scales did not belong to Ms. Muriel and that he did not have anything to do with the crack.

Trial counsel filed two motions to suppress on May 17, 2016, one seeking to suppress the controlled substances, firearm and US currency that had been seized from the residence and Honda, and the other seeking to suppress information recovered from a cell phone seized from the residence. Oral argument was held on the motions to suppress on June 10, 2016. Counsel asserted that the confidential informant's information used to establish probable cause was stale and was never tied to Mr. Crippen and the affidavit of probable cause included irrelevant information that was an attempt to add in bad character evidence. Both motions were denied. The Court

concluded that a recent controlled purchase, the recent corroboration of the confidential informant's information and the recent linkage of Mr. Crippen to the searched residence overcame any staleness issues and that there was sufficient corroborated information within the four corners of the affidavit for the magistrate to find probable cause. In regard to the cell phone search, the Court found that the search warrant application for the phone contained sufficient facts to provide a nexus between the phone and the alleged criminal activity.

Mr. Crippen waived his right to a jury trial and proceeded with a two-day bench trial on November 14, 2016. Prior to the start of trial, the State entered a *nolle prosequi* on the charge of receiving a stolen firearm on the basis of insufficient evidence. Officer DiNardo, of the State Bureau of Identification, testified that a latent print found on the concealment [can] was a match to Mr. Crippen but that the latent print found on the gun box was not.

Following the close of the State's case, trial counsel moved for a judgment of acquittal as to the charges. Trial counsel argued that in relation to the firearm offenses, the State had not shown that Mr. Crippen in any way possessed it and noted that the only tie to the jacket was a piece of paper with his name on it. In regard to the drug offenses, trial counsel argued that Mr. Crippen was not connected to the vehicle or cocaine other than by a piece of paper with his name on it that was two months old. The State argued in response that the $13,000 found in the night stand, Mr. Crippen's clothing found in the master bedroom and the gun found in the same closet as the jacket which was connnected to Mr. Crippen via the piece of paper in the pocket all established constructive possession. The Court agreed with the State as to the firearm charges and also noted that Mr. Crippen had admitted during his police interview that the gun was there for protection and admitted

5

that while the female in the home had nothing to do with the crack or the gun, he had nothing to do with the crack. However, the Court agreed with trial counsel as to the other counts and granted the motion for judgment of acquittal as to the Drug Dealing, Endangering the Welfare of a Child and Possession of Drug Paraphernalia charges.

Mr. Crippen testified that his girlfriend Milagros Muriel, owned the home that was searched and that he occasionally stayed there. He testified that his wallet was inside of Ms. Muriel's purse because they had been at a wedding the day before and she had held onto it for safekeeping. Ms. Muriel then put her purse in the closet once they arrived home and Mr. Crippen stayed overnight. Mr. Crippen testified that the jacket found in the closet was not his, noting that it was far too small for him to wear and that it was a ladies' jacket. M. Crippen also testified that the handwriting on the job application found in the jacket pocket that of his long-term girlfriend, Natasha Maybin and that he did not know how it ended up in the jacket pocket. Mr. Crippen further testified that the statements he made during his police interview had been misconstrued and that although he had seen a gun in her home before, he had not seen the one that was found in the closet. Mr. Crippen further stated that the gun did not belong to him and he assumed it belonged to Ms. Muriel's cousin or another relative and that it had been brought there for protection because her home had been burglarized previously. Mr. Crippen also disputed the officer's testimony that he had a leg outside of the bathroom window attempting to flee, testifying that it would have been nearly impossible to climb out of the window without seriously injuring himself.

The Court found Mr. Crippen guilty of both PFBPP and PABPP after finding the officer's testimony that Mr. Crippen was caught attempting to flee to be credible and showing a consciousness of guilt and after finding that Mr.

6

Crippen's original statement to law enforcement was more credible than his in-court testimony. In conjunction with the circumstantial evidence, the trial judge concluded that the Court was 'firmly convinced' Mr. Crippen had constructively possessed the firearm.

## CRIPPEN'S CONTENTIONS

In Crippen's *pro se,* motion and memorandum he raises the following grounds for relief:

| | |
|---|---|
| Ground one: | Ineffective assistance of trial counsel for not sufficiently investigating the case and/or interviewing witnesses. |
| Ground two: | Ineffective assistance of trial counsel for giving bad advice to Mr. Crippen in telling him that they did not need to prepare a defense, because the State did not have enough evidence to convict. |
| Ground three: | Ineffective assistance of trial counsel for not sharing with Mr. Crippen discovery/Brady information that was essential to trial preparation. |
| Ground four: | Ineffective assistance of trial counsel for not investigating the owner of the stolen firearm. |
| Ground five: | Ineffective assistance of counsel on appeal for mistakenly filing the non-merit brief early without including Mr. Crippen's response. |
| Ground six: | Ineffective assistance of trial counsel for not objecting to the admission of prejudicial evidence, which the trial court committed reversible error in admitting. |

7

Ground seven: Police and prosecutor misconduct for using false information to establish probable cause for the search warrant and for admitting that no crime ever occurred at that address.

Ground eight: Prosecutorial misconduct for ignoring out of court statements of the gun owner asserting that Mr. Crippen was not the person who stole the gun.

In his supplemental memorandum Crippen addresses Grounds 1 - 6 above but not Grounds 7 or 8 above. He does however add the following additional ground labeled as "Claim seven."

Claim seven: Ineffective assistance of counsel for failing to challenge the indictment on the basis that the State failed to charge the proper offenses.

## DISCUSSION

Under Delaware law, the Court must first determine whether Crippen has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[4] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[5] Crippen's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Crippen's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of

---

[4] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[5] Super. Ct. Crim. R. 61(i)(1).

8

conviction are thereafter barred unless the movant demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights.[6] The bars to relief are inapplicable to a jurisdiction challenge or "to a claim that satisfies the pleading requirements of subparagraph (2)(i) or (2)(ii) of subdivision (d) of rule 61.[7] To meet the requirements of Rule 61(d(2) a defendant must plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted[8] or that he pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United State or Delaware Supreme courts, applies to the defendant's case rendering the conviction invalid.[9] Crippen's motion pleads neither requirement of Superior Court Criminal Rule 61(d)(2).

To some extent each of Crippen's grounds for relief are premised on an allegation of ineffective assistance of counsel. Therefore, Crippen has alleged sufficient cause for not having asserted his grounds for relief at trial and on direct appeal.[10] Crippen's ineffective assistance of counsel claims are not subject to the procedural default rule, in part because the Delaware Supreme Court will not

---

[6] Super. Ct. Crim. R. 61(i)(3).

[7] Super. Ct. Crim. R. 61(i)(5).

[8] Super. Ct. Crim. R. 61(d)(2)(i).

[9] Super. Ct. Crim. R. 61(d)(2)(ii).

[10] Crippen's grounds for relief numbers one - six in both his motion and memorandum allege ineffective assistance of counsel as does his seventh ground for relief in his memorandum. His seventh and eighth grounds for relief in his motion allege prosecutorial misconduct and do not directly allege ineffective assistance of counsel however given that he was unable to file his arguments on direct appeal I will treat them as if they allege ineffective assistance of counsel.

9

generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Crippen, allege ineffective assistance of counsel in order to overcome the procedural default. "However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards."[11] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance;' [i]neffective assistance of counsel then is cause for a procedural default.[12]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two part analysis enunciated in *Strickland v. Washington*[13] and adopted by the Delaware Supreme Court in *Albury v. State*.[14]

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[15] Second, under *Strickland* the movant must show there is a reasonable degree of

---

[11] *State v. Gattis*, 1995 WL 790961 (Del. Super.).

[12] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[13] 466 U.S. 668 (1984).

[14] 551 A.2d 53, 58 (Del. 1988).

[15] *Strickland*, 466 U.S. at 687; *see Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

10

probability that but for counsel's unprofessional error the outcome of the proceedings would have been different, that is, actual prejudice.[16] In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[17]

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[18] However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[19] In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.[20] Furthermore, Crippen must rebut a "strong presumption" that Trial Counsel's representation fell within the "wide range of reasonable professional assistance," and this Court must eliminate from its consideration the "distorting effects of hindsight when viewing that representation."[21]

Crippen alleges his Trial Counsel was ineffective for a variety of reasons. Crippen's Trial Counsel, in his affidavit, clearly contradicts each of Crippen's self-serving allegations. As to Crippen's first ground, Trial Counsel states that the witness

---

[16] *Id.*

[17] *See e.g., Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[18] *Strickland*, 466 U.S. at 687.

[19] *Id.* at 697.

[20] *State v. Gattis*, 1995 WL 790961 (Del. Super.).

[21] *Strickland*, 466 U.S. at 689; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

11

he interviewed provided no evidence that would assist Crippen. As to Crippen's second ground, Trial Counsel stated that at no time did he ever guarantee Crippen that he would be acquitted or that he had not prepared for trial. As for Crippen's third ground, Trial Counsel stated that he discussed the case and evidence multiple times with Crippen and that the case ultimately came down to Crippen's statement where he indicated he had knowledge of and therefore domain and control of the firearm and ammunition. As to Crippen's fourth ground, Trial Counsel correctly points out that the charge of Receiving Stolen Property was dismissed by the State prior to trial and this issue had no bearing on the outcome of Crippen's trial. As to Crippen's fifth ground, Appellate Counsel admits the mistake of substitute counsel filing the no merit brief without knowledge of the extension of time however he clearly states his belief that no meritorious issues existed and consequently no prejudice to Crippen. Trial Counsel finally states as to Crippen's sixth ground for relief that all proper evidentiary objections were raised at trial. Additionally Appointed Counsel clearly states that Crippen's Claim seven from his supplemental memorandum is meritless since there was no basis to challenge the Indictment. Furthermore, Crippen has notably provided no evidence of prejudice as a result of the alleged deficiency of counsel. This failure is fatal to Crippen's claims. Additionally, given that counsel was successful in achieving acquittals on a number of the charges against Crippen his strategy was at least partially successful. Finally, I incorporate Appointed Counsel's thorough and complete analysis of each of Crippen's claims detailing the reasons he could not advocate for each of Crippen's claims as outlined in his Memorandum in Support of his Motion to Withdraw.

Following a complete review of the record in this matter, it is abundantly clear that Crippen has failed to allege any facts sufficient to substantiate his claims that his

12

Trial and Appellate Counsel were ineffective or that the State committed misconduct. I find Trial Counsel's affidavit and Appointed Counsel's motion to withdraw, in conjunction with the record, more credible than Crippen's self-serving claims that his Trial and Appellate Counsels' representation were ineffective and that the State committed error.

## CONCLUSION

After reviewing the record in this case, it is clear that Crippen has failed to avoid the procedural bars of Superior Court Criminal Rule 61(i). A review of his Trial Counsel's affidavit, Appointed Counsel's motion to withdraw and the record clearly shows that counsel represented Crippen in a competent fashion and was not ineffective. Additionally, Crippen has failed to demonstrate any concrete prejudice. Consequently, I recommend that Crippen's motion be denied as procedurally barred by Rule 61(i)(3) for failure to prove cause and prejudice.


/s/ Andrea M. Freud
Commissioner

AMF/dsc