IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICHARD LEWIS, | § | |
| | § | No. 117, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE | § | ID. No. 1510009348 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 1, 2021
Decided: January 20, 2022

Before **SEITZ**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 20th day of January 2022, upon consideration of the parties' briefs and the record of the case, it appears that:

(1)   The Defendant-Appellant, Richard Lewis, appeals from the Superior Court's denial of his Amended Motion for Postconviction Relief. Lewis was convicted by a jury of two counts of Burglary Second Degree, one count of Attempted Burglary Second Degree, two counts of Theft, two counts of Criminal Mischief, and one count of Receiving Stolen Property. The Superior Court declared Lewis an habitual offender and sentenced him to an aggregate 26-year term of

incarceration. Lewis's conviction was affirmed by this Court on direct appeal.[1]

(2)     In the course of investigating the crimes that led to Lewis's arrest, the New Castle County police applied for and obtained warrants to attach GPS devices to cars that he owned and used. During the GPS monitoring, police tracked Lewis's vehicles as they traveled within the State of Delaware and also while in Pennsylvania, New Jersey, and New York.

(3)     Lewis makes two claims on appeal. First, he argues that his trial counsel was ineffective by not presenting a meaningful argument that Delaware police may not track someone outside the State of Delaware with a GPS device, even if the police have a valid GPS warrant and the GPS is attached in Delaware (the "continued monitoring argument"). As part of this argument, he also argues that trial counsel failed to argue effectively that the attenuation and independent source doctrines, which the trial court relied upon in rejecting the continued monitoring argument, were not applicable. His second argument is that appellate counsel was ineffective because appellate counsel did not raise the continued monitoring argument on appeal.

(4)     The facts can be summarized as follows. The first GSP warrant was issued on June 25, 2015, giving the police authority to attach a GPS tracking device to Lewis's 1999 Lexus GS400. Although the affidavit in support of the June 25,

---

[1] *Lewis v. State*, 2018 WL 619706 (Del. Jan. 29, 2018) (ORDER).

2015, warrant requested that the warrant "authorize members of the New Castle County Police to monitor the data provided by the GPS unit both within and outside the State of Delaware,"[2] the warrant did not expressly authorize monitoring outside the State of Delaware. Rather, the Superior Court's warrant read: "The Mobile Tracking Device is to be installed within the State of Delaware."[3] The authorization was for a 30-day period beginning upon installation of the device, and the order specified that the device be removed at the end of the period.

(5) After GPS surveillance began, the police gained additional information from tracking Lewis inside the State of Delaware that helped support probable cause to apply for a new warrant extending the June 25, 2015, warrant for an additional 30 days.

(6) On August 10, 2015, the New Castle County police applied for a third warrant to attach a GPS device to a Ford Explorer. The application for that warrant recites that after the Lexus remained in one location for several days, the police learned that on July 30, 2015, Lewis purchased a brown 2003 Ford Explorer. Based upon the information from the two previous warrants and this new information, the Superior Court issued a warrant on August 10, 2015, authorizing a GPS device to be installed on the Ford Explorer. On September 11, 2015, the police applied for a

---

[2] App. to Opening Br. at A48 (June 25 Affidavit) [hereinafter "A_"].
[3] June 25 Warrant, at A41.

fourth warrant extending the August 10, 2015, warrant for an additional 30 days. The warrant was issued authorizing that a tracking device to "be installed within the State of Delaware"[4] on Lewis's brown 2003 Ford Explorer.

(7)     Of particular relevance to this appeal is an occasion where the police tracked Lewis's Lexus to Radnor, Pennsylvania on July 4, 2015. Subsequent communications between the Radnor police and the New Castle County police revealed that the Radnor police investigated a burglary in their jurisdiction that was reported on July 5, 2015. Radnor police later notified Detective DiNardo of the New Castle County police department that the victim of the Radnor burglary located two pieces of stolen jewelry on an eBay page associated with Metals NY. Detective DiNardo reviewed the eBay page with the victim of one of the Delaware burglaries and she identified two other pieces of jewelry as belonging to her. Detective DiNardo contacted Metals NY and recovered those two pieces of jewelry. The owner of Metals NY identified Lewis as the person who sold him the Delaware victim's jewelry. On a later occasion, the New Castle County police tracked one of Lewis's vehicles from Delaware to New York City and back. The police tracked the vehicle to a rest stop in New Jersey, where officers were positioned to conduct surveillance. They identified Lewis as the driver. On another occasion the police tracked one of Lewis's vehicles to Pennsylvania, where officers conducting

---

[4] September 11 Warrant, at A88.

4

surveillance identified Lewis as the driver.

(8) In pre-trial proceedings, Lewis moved to suppress the evidence obtained by use of the GPS devices. He raised two arguments in connection with his motion. One was that the warrants were not supported by probable cause. The second was the continued monitoring argument. As to that contention, Lewis's counsel argued that the Superior Court did not have jurisdiction to approve tracking of Lewis's vehicles outside the State of Delaware. Counsel argued that out-of-state monitoring violated Lewis's rights under the Fourth Amendment and 11 *Del. C.* § 2304, which authorizes Delaware judges to issue warrants "within the limits of their respective territorial jurisdictions[.]"

(9) The trial court denied the motion. It found that the warrants were supported by probable cause. Lewis does not challenge trial counsel's effectiveness as to that issue. The trial court also rejected Lewis's continued monitoring argument on the basis of the attenuation and independent source doctrines.[5] The continued monitoring argument had not been contained in the written motion and was raised for the first time at the hearing on the motion.

(10) On direct appeal, Lewis again argued that the warrants were not supported by probable cause. This Court rejected that argument, and appellate counsel's effectiveness on that issue is not challenged in this proceeding. Appellate

---

[5] The basis upon which we decide the appeal does not require us to address these doctrines.

counsel also argued on direct appeal that the Superior Court lacked jurisdiction to authorize GPS tracking outside the State of Delaware. Appellate counsel, however, analogized the warrants issued in Lewis's case to warrants issued by a state court for the search of property, such as a house owned by a suspect, in a different state. Appellate counsel did not make the continued monitoring argument as applied to a GPS device attached to the car in Delaware pursuant to a valid warrant but monitored when the vehicle was outside Delaware. In addition, counsel did not challenge the trial court's reliance on the attenuation doctrine or the independent source doctrine. After noting that the continued monitoring issue was raised in the Superior Court but that no argument on that issue was made on appeal, this Court concluded that the continued monitoring argument was waived and did not consider it.

(11) In this proceeding, the Superior Court found both that Lewis failed to meet his burden of showing that either trial counsel or appellate counsel was ineffective and failed to show prejudice resulting from either counsel's conduct. The court correctly noted that whether out-of-state monitoring of a GPS device properly placed on a vehicle in Delaware pursuant to a Delaware warrant violates any constitutional or statutory provision is an issue that has not been decided in this state. This led the Superior Court to conclude that it would "not find trial counsel ineffective for failing to 'effectively' raise an issue of first impression."[6] The court

---

[6] Opening Br. Ex. A at 5.

stated:

> It is well-established that defense counsel has no duty to anticipate changes in the law. At the time of Lewis' trial, the law was undecided as to whether Delaware police may track subjects beyond state borders pursuant to validly issued GPS warrants. To overcome the deficient performance prong under *Strickland*, the movant bears the burden of proving that prior counsel knew or should have known that Delaware courts would rule that extra-territorial GPS signals are inadmissible. Mr. Lewis has not met this burden. Even today, the Supreme Court has not ruled on the issue."[7]

Turning to the prejudice prong of *Strickland*, the court reasoned that case law establishing that a warrant is required for the attachment of a GPS device to a vehicle has focused on the placement of the device on the vehicle as being a common law trespass or a breach of the suspect's reasonable expectation of privacy, not the seizure of data emitted from the device. The court was not persuaded that the data emitted from the device was protected by the Fourth Amendment, stating that "[i]t would seem, therefore, that the constitutional 'harm,' sought to be prevented by the warrant requirement is the placement of the tracker, not the data emitted as a result thereof from wherever it is generated."[8] The court concluded that:

> Because the Court will not find trial counsel ineffective for failing to "effectively" raise an issue of first impression, and because the Court believes that even if he had done so effectively, the issue would not have been decided in his favor and he therefore suffered no prejudice, the Court

---

[7] *Id.* at 4 (citations omitted).
[8] *Id.* at 5.

concludes that Defendant's . . . claim for relief must be denied.[9]

(12)   We review the Superior Court's denial of a Rule 61 motion for postconviction relief for abuse of discretion.[10]  We review legal and constitutional questions *de novo*.[11]

(13)   To prevail on a claim of ineffective assistance of counsel, Lewis must satisfy the two-prong standard of *Strickland v. Washington*.[12]   Lewis must prove that (1) his trial counsel's performance was objectively unreasonable and (2) his defense was prejudiced as a result.[13]   Under the first prong, judicial scrutiny is "highly deferential."[14]  Courts must ignore the "distorting effects of hindsight" and proceed with a "strong presumption" that counsel's conduct was reasonable.[15]  The *Strickland* court explained that "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."[16]

---

[9] *Id.*
[10] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013) (en banc).
[11] *Id.*
[12] 466 U.S. 668, 687 (1984).
[13] *Id.* at 687-88, 691-92.
[14] *Id.* at 689.
[15] *Id.*
[16] *Id.* at 690.

(14) Under the second prong, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[17] In other words, "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding."[18] The movant "must make specific allegations of actual prejudice and substantiate them."[19] These allegations must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[20] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[21] "The 'reasonable probability' standard is less strict than the 'more likely than not' standard, but it requires more than a showing of a theoretical possibility that the outcome was affected."[22] In sum, Lewis must prove actual prejudice.[23]

(15) Lewis contends that trial and appellate counsel were on notice of the relevant constitutional and statutory issues, that they failed to raise and argue them

---

[17] *Id.* at 693.
[18] *Id.*
[19] *Outten v. State*, 720 A.2d 547, 552 (Del. 1998) (en banc) (quoting *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996) (en banc), *cert. denied*, 517 U.S. 1249 (1996)).
[20] *Albury v. State*, 551 A.2d 53, 58 (Del. 1988) (quoting *Strickland*, 466 U.S. at 694).
[21] *Strickland*, 466 U.S. at 694.
[22] *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992), *cert. denied*, 507 U.S. 954 (1993) (citing *Strickland*, 466 U.S. at 693-94).
[23] *Strickland*, 466 U.S. at 693 ("[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice.").

effectively, and that he was prejudiced thereby. He contends that the Superior Court erred by denying his motion.

(16) We do not believe that trial and appellate counsel's failure to make the continued monitoring argument "more effectively" renders their performance ineffective under *Srickland*. This Court has declined to rule on the admissibility of extraterritorial GPS signals several times. As recently as 2018 in *Metelus v. State*,[24] this Court explicitly declined to answer this question. Therefore, at the time of Lewis's trial and appeal, there was no precedential guidance on the "continued monitoring" issue from this Court or the United States Supreme Court. As correctly noted by the Superior Court in this case, it is well-established that counsel has no duty to anticipate changes in the law. Nor does counsel have a duty to foresee new developments in the law which lie in the future. Lewis's argument that appellate counsel was ineffective for failing to challenge the Superior Court's reliance on the attenuation and independent source doctrines must be rejected for the same reason.

(17) Finally, Lewis's argument that he suffered prejudice as a result of the conduct of his trial and appellate counsel must also be rejected. In order to show prejudice, Lewis would have to show that continued GPS monitoring outside Delaware violated his constitutional or statutory rights. But since neither this Court nor the U.S. Supreme Court has ruled on the issue, no such showing can be made.

---

[24] 200 A.3d 227, 2018 WL 6523215 (Del. Dec. 10, 2018).

10

NOW, THEREFORE, IT IS THE ORDER of the Court that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice